UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GEORGE ROSEWARNE,

    Plaintiff,

v.                                              Case No. 1:07-cv-1217
                                             Hon. Robert J. Jonker

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.
                                                  /

**ORDER**

Plaintiff brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a final decision of the Commissioner of the Social Security Administration (Commissioner) denying her claim for benefits. By order entered February 12, 2008, the court directed the parties to file briefs in support of their respective positions, plaintiff by March 10, 2008, and defendant by April 9, 2008. Plaintiff has failed to file his brief.

The court issued an order to show cause by April 4, 2008 why this case should not be dismissed for his failure to file a brief in accordance with the court's order. Plaintiff has filed a timely response and seeks an extension of time to file his brief (docket no. 8). Upon due consideration, the court finds that plaintiff has demonstrated that this action should not be dismissed at this time. Plaintiff is proceeding without an attorney and has requested additional time to file his brief. Accordingly, the briefing schedule is amended as follows: plaintiff's initial brief is due by **June 2, 2008**; defendant's brief is due by **July 1, 2008**; and plaintiff's reply brief is due by **July 11, 2008**.

The court is aware that plaintiff is proceeding without an attorney. Nevertheless, plaintiff is expected to comply with this court's briefing schedule. While plaintiff is a *pro se* litigant, he is required to follow the rules of procedure. *See Fields v. County of Lapeer*, No. 99-2191, 2000 WL 1720727 at * 2 (6th Cir. Nov. 8, 2000); *Brandenburg v. Beaman*, 632 F.2d 120, 122 (10th Cir. 1980). "Pro se litigants are required to follow the rules of civil procedure and easily-understood Court deadlines." *Mooney v. Cleveland Clinic Foundation*, 184 F.R.D. 588, 590 (N.D. Ohio 1999).

Finally, in his response, plaintiff posed questions to the court regarding the merits of his case. The court cannot give plaintiff advice on how to proceed in this matter. If plaintiff has questions regarding his claim, then he should consult with an attorney.

**IT IS SO ORDERED.**


Dated: April 8, 2008                          /s/ Hugh W. Brenneman, Jr.
                                              HUGH W. BRENNEMAN, JR.
                                              United States Magistrate Judge