UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


GEORGE ROSEWARNE,

       Plaintiff,

v.                                                    Case No. 1:07-cv-1217
                                                      Hon. Robert J. Jonker
COMMISSIONER OF SOCIAL
SECURITY,

       Defendant.

_____/

### REPORT AND RECOMMENDATION

      Plaintiff brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a final decision of the Commissioner of the Social Security Administration (Commissioner) denying his claim for disability insurance benefits (DIB).

      Plaintiff was born on March 30, 1952 and completed 3 1/2 years of college  (AR 62, 104, 483).[1]  Plaintiff alleges that he has been disabled since January 1, 1995 (AR 62).  Plaintiff had previous employment as a furniture sales representative (AR 116).  Plaintiff identified his disabling conditions as peripheral vascular disease and polyneuropathy, which rendered him unable to walk (AR 98).  The issue in this case is whether plaintiff was disabled from January 1, 1995 (the alleged onset date) through December 31, 1995 (the last date he was insured for DIB).  After administrative denial of plaintiff's claim, an Administrative Law Judge (ALJ) reviewed plaintiff's claim *de novo* and entered a decision denying these claims on October 26, 2006 (AR 12-16).  This decision, which was later approved by the Appeals Council, has become the final decision of the Commissioner and

---

[1] Citations to the administrative record will be referenced as (AR "page #").

is now before the Court for review.

## I.  LEGAL STANDARD

This court's review of the Commissioner's decision is typically focused on determining whether the Commissioner's findings are supported by substantial evidence.  42 U.S.C. §405(g); *McKnight v. Sullivan*, 927 F.2d 241 (6th Cir. 1990).  "Substantial evidence is more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Cutlip v. Secretary of Health & Human Servs.*, 25 F.3d 284, 286 (6th Cir. 1994).   A determination of substantiality of the evidence must be based upon the record taken as a whole. *Young v. Secretary of Health & Human Servs.*, 925 F.2d 146 (6th Cir. 1990).

The scope of this review is limited to an examination of the record only.  This Court does not review the evidence *de novo*, make credibility determinations or weigh the evidence. *Brainard v. Secretary of Health & Human Services*, 889 F.2d 679, 681 (6th Cir. 1989).  The fact that the record also contains evidence which would have supported a different conclusion does not undermine the Commissioner's decision so long as there is substantial support for that decision in the record. *Willbanks v. Secretary of Health & Human Services*, 847 F.2d 301, 303 (6th Cir. 1988). Even if the reviewing court would resolve the dispute differently, the Commissioner's decision must stand if it is supported by substantial evidence.  *Young*, 925 F.2d at 147.

A claimant must prove that he suffers from a disability in order to be entitled to benefits.  A disability is established by showing that the claimant cannot engage in substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period

2

of not less than twelve months.  *See* 20 C.F.R. §§ 404.1505 and 416.905; *Abbott v. Sullivan*, 905

F.2d 918, 923 (6th Cir. 1990).  In applying the above standard, the Commissioner has developed a

five-step analysis:

> The Social Security Act requires the [Commissioner] to follow a "five-step
> sequential process" for claims of disability.  First, plaintiff must demonstrate that she
> is not currently engaged in "substantial gainful activity" at the time she seeks
> disability benefits.  Second, plaintiff must show that she suffers from a "severe
> impairment" in order to warrant a finding of disability.  A "severe impairment" is one
> which "significantly limits . . . physical or mental ability to do basic work activities."
> Third, if plaintiff is not performing substantial gainful activity, has a severe
> impairment that is expected to last for at least twelve months, and the impairment
> meets a listed impairment, plaintiff is presumed to be disabled regardless of age,
> education or work experience.  Fourth, if the plaintiff's impairment does not prevent
> her from doing her past relevant work, plaintiff is not disabled. For the fifth and final
> step, even if the plaintiff's impairment does prevent her from doing her past relevant
> work, if other work exists in the national economy that plaintiff can perform, plaintiff
> is not disabled.

*Heston v. Commissioner of Social Security*, 245 F.3d 528, 534 (6th Cir. 2001) (citations omitted).

The claimant bears the burden of proving the existence and severity of limitations

caused by her impairments and the fact that she is precluded from performing her past relevant work

through step four.  *Jones v. Commissioner of Social Security*, 336 F.3d 469, 474 (6th Cir. 2003).

However, at step five of the inquiry, "the burden shifts to the Commissioner to identify a significant

number of jobs in the economy that accommodate the claimant's residual functional capacity

(determined at step four) and vocational profile."  *Id.*  If it is determined that a claimant is or is not

disabled at any point in the evaluation process, further review is not necessary.  *Mullis v. Bowen*, 861

F.2d 991, 993 (6th Cir. 1988).

## II.  ALJ'S DECISION

Plaintiff's claim failed at the second step of the evaluation.  Following the five steps,

the ALJ initially found that plaintiff has not engaged in substantial gainful activity at any time from January 1, 1995 through his last insured date of December 31, 1995 (AR 14). Second, the ALJ found that as of December 31, 1995, plaintiff suffered from a medically determinable impairment of a gastrointestinal disorder (AR 14). However, as of that date, plaintiff did not have a "severe" impairment as defined in 20 C.F.R. § 404.1521, i.e., an impairment or combination of impairments that significantly limited his ability to perform basic work-related activities for 12 consecutive months (AR 14). Accordingly, because plaintiff failed to demonstrate the existence of a severe impairment, the ALJ determined that plaintiff was not under a "disability" as defined by the Social Security Act and entered a decision denying benefits (AR 16).

## III. ANALYSIS

### A.    Background

Plaintiff, proceeding *pro se*, failed to file a brief on March 10, 2008 as required by the court's order directing filing of briefs. *See* docket no. 6   The court issued an order to show cause for failure to file the brief. *See* docket no. 7. The court accepted plaintiff's untimely response to the show cause order and, based upon that response, found that plaintiff had demonstrated that the action should not be dismissed. *See* docket no. 9. The court issued a second order directing plaintiff to file a brief by June 2, 2008. *Id.* When plaintiff failed to file a brief, the court determined to accept plaintiff's response to the first show cause order as his initial brief. *See* docket no. 10. The court directed defendant to file a brief by July 18, 2008 and plaintiff to file a reply brief by July 28, 2008. *Id.* Defendant filed a timely response. *See* docket no. 12. However, plaintiff never filed a reply brief.

### B.    Plaintiff's claim

4

The issue before the court is whether plaintiff was disabled between January 1, 1995 (his alleged disability onset date) and December 31, 1995 (his last insured date for DIB). In his response, plaintiff contends that he has been disabled by peripheral neuropathy since January 1, 1995. Although plaintiff is proceeding *pro se* in this appeal, he was represented by counsel throughout the administrative proceedings and at the administrative hearing held on September 20, 2006 (AR 476-500). Nevertheless, the record reflects that plaintiff had only minimal medical problems through 1995. Records from plaintiff's treating physicians indicate that plaintiff had liver function problems associated with alcohol use documented in September 1993 (AR 335). In December 1993, his medical problems included diarrhea, hypertension and alcohol abuse (AR 336). At that time, plaintiff reported that although he had been out of work for two years, he "has a boat which keeps him fairly busy" (AR 336). Approximately 11 years later, in September 2004, a letter from this medical practice references plaintiff's polyneuropathy secondary to a history of alcohol abuse (AR 338). Then, in a letter from December 2005, plaintiff's physician references his "painful polyneuropathy" secondary to chronic alcohol abuse (AR 337-38). In summary, there are no contemporary medical records from 1995 which refer to plaintiff suffering from polyneuropathy. The medical records indicate that plaintiff's polyneuropathy was problematic in April 2000, and may have been first diagnosed in 1998 (AR 435-38). These records are consistent with plaintiff's testimony that he was first diagnosed with peripheral neuropathy in 1998 (AR 489).

The basis for plaintiff's claim is polyneuropathy. "In order to establish entitlement to disability insurance benefits, an individual must establish that he became 'disabled' prior to the expiration of his insured status." *Moon v. Sullivan*, 923 F.2d 1175, 1182 (6th Cir. 1990). *See, e.g., Estep v. Weinberger*, 525 F.2d 757, 757-58 (6th Cir.1975) (although claimant's acute lung disease

5

caused her health to deteriorate from July 1968 through October 1971, the Secretary properly denied

benefits under the Social Security Act when her coverage under the Act terminated on December 31,

1967).  Both the medical records and plaintiff's own testimony establish that this condition was first

diagnosed in 1998 more than two years after his last insured date.  In addition, his condition did not

become problematic until 2000,  more than four years after his last insured date.

Plaintiff's condition has deteriorated since 1998.  In this regard, the record reflects

that plaintiff has been wheelchair-bound since at least September 2004 (AR 338).  However, medical

evidence relating to a time period after the last insured date is only minimally probative.  *Higgs v.*

*Bowen*, 880 F.2d 860, 863 (6th Cir. 1988); *Siterlet v. Secretary of Health & Human Servs.*, 823 F.2d

918, 920 (6th Cir. 1987).  Such evidence is only considered "to the extent it illuminates a claimant's

health before the expiration of his or her insured status."  *Jones v. Commissioner of Social Security*,

No. 96-2173, 1997 WL 413641 at *1 (6th Cir. July 17, 1997); *Higgs*, 880 F.2d at 863 (claimant has

the burden of proving the severity of her impairments before her DIB coverage lapses).  Accordingly,

plaintiff's claim should be denied.

## C.      Sentence-six remand

Finally, in support of his position, plaintiff submitted a copy of letter dated December

20, 2006, purportedly signed by Dr. Bleicher, which states as follows:

> To whom it may concern:
>
> I was involved in the care of George Rosewarne from 1995 -
> through 1999.  This pt was totally disabled during the period of time
> due to peripheral neuropathy.

*See* docket no. 8-2.

This letter was not presented to the ALJ.  Indeed, the letter was not dated until nearly

6

two months after the ALJ's decision denying benefits.  When a plaintiff submits evidence that has

not been presented to the ALJ, the court may consider the evidence only for the limited purpose of

deciding whether to issue a sentence-six remand under  42 U.S.C. § 405(g).  *See Sizemore v.*

*Secretary of Health and Human Servs.*, 865 F.2d 709, 711 (6th Cir.1988) (per curiam).[2]   In a

sentence-six remand, the court does not rule in any way on the correctness of the administrative

decision, neither affirming, modifying, nor reversing the Commissioner's decision.  *See Melkonyan*

*v. Sullivan*, 501 U.S. 89, 98 (1991).

     The standard in determining whether to remand a claim for the consideration of new

evidence is governed by statute, 42 U.S.C. § 405(g), which provides in pertinent part that "[t]he

court . . . may at any time order the additional evidence to be taken before the Secretary, but only

upon a showing that there is new evidence which is material and that there is good cause for the

failure to incorporate such evidence into the record in a prior proceeding.  "In order to obtain a

remand for further administrative proceedings, Section 405(g) clearly requires a showing of both

materiality and good cause."  *Cline v Commissioner of Social Security,* 96 F.3d 146, 149 (6th Cir.

1996) (emphasis added).   Good cause is shown for a sentence-six remand only "if the new evidence

arises from continued medical treatment of the condition, and was not generated merely for the

purpose of attempting to prove disability."  *Koulizos v. Secretary of Health and Human Servs.*, 1986

WL 17488 at *2 (6th Cir. Aug. 19, 1986).  In order for a claimant to satisfy the burden of proof as

to materiality, "he must demonstrate that there was a reasonable probability that the [Commissioner]

---

[2]  Section 405(g) authorizes two types of remand: (1) a post judgment remand in conjunction  with
a decision affirming, modifying, or reversing the decision of the Secretary (a sentence-four remand); and (2)
a pre-judgment remand for consideration of new and material evidence that for good cause was not
previously presented to the Secretary (sentence-six remand).  *See Faucher v. Secretary of Health and Human*
*Servs.*, 17 F.3d 171, 174 (6th Cir. 1994).

would have reached a different disposition of the disability claim if presented with the new evidence." *Sizemore*, 865 F.2d at 711.

   To the extent that plaintiff seeks a sentence-six remand for further consideration of this matter, such a request should be denied because plaintiff has not shown good cause for failing to present this evidence to the ALJ. Here, Dr. Bleicher's letter appears to have been drafted as a response to the ALJ's unfavorable decision. The good cause requirement is not met by the solicitation of a medical opinion to contest the ALJ's decision. *See Perkins v. Chater*, 107 F.3d 1290, 1296 (7th Cir. 1997) (observing that the grant of automatic permission to supplement the administrative record with new evidence after the ALJ issues a decision in the case would seriously undermine the regularity of the administrative process). In addition, although a medical authorization was sent to Dr. Bleicher (AR 141, 324, 326), there are no contemporary records from the doctor to support his conclusion that plaintiff was totally disabled by polyneuropathy. As previously discussed, the medical records establish that this condition emerged sometime between 1998 and 2000. Dr. Bleicher's statement submitted to the court did not arise in the course of plaintiff's continued medical treatment for this condition. Rather, this letter appears to have been generated for the purpose of attempting to prove disability. *See Koulizos*, 1986 WL 17488 at *2. Accordingly, plaintiff has failed to demonstrate good cause.

   Finally, even if plaintiff had good cause for failing to present this evidence, Dr. Bleicher's conclusory statement that plaintiff was totally disabled from 1995 to 1999 is not material. Although Dr. Bleicher was a treating physician, the ALJ was not bound by the doctor's conclusion that plaintiff was unable to work. *See* 20 C.F.R. § 404.1527(e)(1) ( "[a] statement by a medical source that you are 'disabled' or 'unable to work' does not mean that [the Commissioner] will

determine that you are disabled' ).  Such statements, by even a treating physician, constitute a legal conclusion that is not binding on the Commissioner.  *Crisp v. Secretary of Health and Human Servs.*, 790 F.2d. 450, 452 (6th Cir. 1986).   The determination of disability is the prerogative of the Commissioner, not the treating physician.  *See Houston v. Secretary of Health and Human Servs.*, 736 F.2d 365, 367 (6th Cir. 1984).  This is not the type of evidence that would have persuaded the Commissioner to reach a different disposition of the disability claim.  *See Sizemore*, 865 F.2d at 711. Accordingly, this matter is not subject to a sentence-six remand.

## IV.   Recommendation

I  respectfully recommend that the Commissioner's decision be affirmed.


Entered: February 11, 2009            /s/ Hugh W. Brenneman, Jr.
                                      Hugh W. Brenneman, Jr.
                                      United States Magistrate Judge


ANY OBJECTIONS to this Report and Recommendation must be served and filed with the Clerk of the Court within eleven (11) days after service of the report.  All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b).  Failure to serve and file written objections within the specified time waives the right to appeal the District Court's order.  *Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).